## THOMPSON v. FAWICK.
### Patent Appeal No. 3114.

Court of Customs and Patent Appeals.
April 17, 1933.

Justin W. Macklin, of Cleveland, Ohio (George M. Soule, of Cleveland, Ohio, of counsel), for appellant.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Charles V. Hildebrecht, of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

From a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, awarding priority of invention to Fawick, the senior party, Thompson, the junior party, has appealed to this court.

The invention relates to a transmission system of the type used on automobiles for giving an additional or fourth speed of operation. The single count of the interference recites the details of the structure, but it is conceded that the gist of the invention involved herein lies in the sliding combined clutch and pinion. The other portions of the count relate to features which are old in gearing of this kind. The count reads as follows: "In combination, a gear case, driving and driven shafts journaled in the gear case and piloted into each other and having external bearings in said gear case, one shaft having a slidable pinion splined thereupon, a sleeve journaled eccentrically with respect to said shafts, said sleeve having at one end internal gear teeth adapted to mesh with the pinion, a gear rigid on the other shaft, the sleeve having at its other end gear teeth constantly in mesh with said gear, and cooperating means on said gear and pinion for clutching said parts together for direct drive, said slidable pinion being longitudinally shiftable from meshing position with the internal teeth on the sleeve to clutching position with the gear."

Fawick filed his application on September 26, 1924, which, in this proceeding, is his date of reduction to practice. His proof shows that he conceived the invention August 28, 1924. It thus appears that Fawick filed his application less than one month from the time of his conception, and the two tribunals below concurred in awarding these dates to Fawick, and they are not questioned in this proceeding.

Thompson was the first to conceive, and he was awarded June 3, 1924, for conception, and November 26, 1926, for reduction to practice. Thompson contends that he actually reduced to practice in April or May of 1925. He filed his application on February 15, 1927.

The whole contention resolves itself into the single question: Was Thompson, he being the first to conceive, reasonably diligent in reducing his invention to practice during a period beginning immediately prior to August 28, 1924, and ending on the date of his reduction to practice?

There is much testimony in the case taken by both sides. It is well summed up in the two opinions of the tribunals below. Both tribunals concurred in a finding that the testimony did not show diligence on the part of Thompson from just prior to August 28, 1924, to a date of reduction to practice, regardless of whether he was given the date in April or May, 1925, or the date of November, 1926, as the date of his reduction to practice. The Board in its decision, in part, said:

"Thompson has presented in evidence blue prints of several drawings and also photographs of some of the structures built by him. His photograph, Exhibit No. 1 does not show the structure recited by the count. The drawing, Exhibit No. 2, dated April 25, 1924, shows a four-speed transmission having internal and external gears in constant mesh. It does not have the slidable pinion recited in the count.

"The Exhibit No. 3 drawing discloses the subject matter in issue. It bears date of June 3, 1924, the date accorded Thompson for conception in view of the testimony of Thompson and of his witness Cherry, who made this drawing.

"Exhibits Nos. 4, 5, and 6 are drawings showing variations of the sliding gear arrangement, this gear in Exhibit No. 5, however, being one provided with internal instead of external teeth. These drawings are dated respectively, July 8, July 10 and August 10, 1924.

"There is another drawing showing a slidable gear dated prior to Fawick's filing date of September 26, 1924. This is Thompson's Exhibit No. 7, dated September 16, 1924. However, it shows a construction not fully responding to the requirements of the count.

"Exhibit No. 8 is an assembly drawing of structure responding to the count. It is dated December 15, 1924. Detail drawings of its various parts were made at later dates and three of these have been placed in evidence as Exhibits Nos. 8a, 8b and 8c. The first device of the slidable pinion type required by the count was constructed from these drawings during the first part of 1925, and was placed in the Ford car of Dove for experimental purposes.

"The parties are in sharp conflict as to the result of these tests. The examiner has held

the proofs insufficient to establish successful operation of this device, which was later replaced by another device of similar type but differing in the character of one of the bearings used therein. There is no definite testimony as to the time, duration, or result of the experiments with the second device. The examiner has accordingly restricted Thompson to November, 1926, the date of alleged successful operation of another device built in accordance with the drawing, Exhibit No. 22, and tested in Cherry's car.

"Exhibits Nos. 3–6 inclusive, are all dated prior to Fawick's entry in the field on August 28, 1924. At that time and from then on until about December 15, 1924, Thompson was doing nothing toward the building and testing of any structure responding to the count. His drawing Exhibit No. 7A appears to have been made in October, 1924, but not in connection with the building of any device. His drawings, Exhibits Nos. 11 and 12 were not made until September and October, 1925, instead of September and November, 1924, as stated in the examiner's decision. During this period of inactivity on Thompson's part, Fawick not only entered the field but also reduced to practice by filing his application.

"It is therefore believed that even if Thompson be given the date of May, 1925, alleged in his fourth ground of appeal, instead of the later date of November, 1926, accorded by the examiner, for reduction to practice, he still must be held not to have exercised due diligence during the latter part of August, the months of September and October, and the first part of December, 1924. We are persuaded also that the examiner was not in error in restricting Thompson to November, 1926, for reduction to practice, nor in holding that there were other periods of inactivity prior to that date.

"During the latter part of 1924, Thompson constructed a device of his Exhibit No. 2 type in which the external and internal gears are constantly in mesh. The device was made in accordance with the drawing, Exhibit No. 18. It was placed in Thompson's Cadillac car on September 24, 1924. The results of the tests are recorded in Exhibit No. 20. Thompson contends that the work on this device should be regarded as necessary or desirable preliminary work to the building and testing of the Exhibit No. 8 device. He claims to have deliberately chosen the constant mesh type for his first tests to facilitate the elimination of noise in the gears.

"It seems to us that Thompson gave preference to his constant mesh gear type over his sliding pinion type, and neglected work on the latter in favor of the former. Not only did he build and test the constant mesh gear type first, but he testified he filed an application for patent thereon on August 13, 1924 (Q. 48), whereas his application involved in this proceeding was not filed until February 15, 1927. The devices are so different that an actual reduction to practice of the sliding pinion type could never have been secured by testing the other type. While the internal and external gears were common to the two devices they must necessarily be tested in their new cooperative relation, involving the slidable external gear, before successful operation of the latter type could be demonstrated."

It is a settled rule of law of this court, as it was with the Court of Appeals of the District of Columbia, that concurring findings of the tribunals of the Patent Office on questions of this character, upon appeal, will not be disturbed, unless they are manifestly wrong. Clancy v. DeJahn, 36 F.(2d) 131, 17 C. C. P. A. 714; Stern v. Schroeder, 36 F.(2d) 515, 17 C. C. P. A. 670; Stern v. Schroeder, 36 F.(2d) 518, 17 C. C. P. A. 690; Oldroyd v. Morgan, 24 F.(2d) 1004, 58 App. D. C. 78.

We have read the record carefully and considered the points presented in appellant's oral argument and brief, and we are not convinced that the Board committed error in its decision. On the contrary, we think it correctly interpreted the evidence and properly applied the law.

It should be noticed that although appellant claimed a conception prior to June 3, 1924, he filed no application for a patent until February 15, 1927, which was approximately three years after his conception and almost two and one-half years after the filing date of Fawick. During the critical period the record discloses that appellant did nothing as far as the invention involved in the pending count was concerned that may properly be regarded as efforts directed towards reducing his invention to practice, except to make drawings which were filed away in the vaults of his company. Making drawings alone cannot be depended upon, under circumstances like those at bar, for proof of diligence. Paul v. Johnson, 23 App. D. C. 187; Watson v. Thomas, 23 App. D. C. 65. The tests made in the Cadillac and the test made of the Dove device, for reasons explained by the Board and the Examiner of

Interferences, in our opinion, are not sufficient to cover the critical period. Moreover, these experiments and the results obtained therefrom, together with the fact that appellant filed no application for nearly two years after they were made, leads to the conclusion that nothing more resulted from his claimed activities towards reducing to practice than an abandoned experiment. Smith v. Brooks, 24 App. D. C. 75.

The Board correctly awarded priority of the invention to the senior party, Fawick, and its decision is affirmed.

Affirmed.